Defendant's second argument is that plaintiff is not a consumer because it did not buy goods or services from defendant. The argument is essentially that privity of contract between the parties is a necessary element of a consumer fraud claim. In Elkins v. Microsoft Corp. , 174 Vt. 328, 817 A.2d 9 (2002), the Vermont Supreme Court rejected the argument that the VCPA required privity between the parties. The court relied on the language of the VCPA which permits "any consumer" damaged by a false or fraudulent representation or practice to sue "the seller, solicitor or other violator ...." 9 V.S.A. § 2461(b) (emphasis added); cf. Poulin , 147 Vt. at 120, 513 A.2d 1168 (auto manufacturer liable under the VCPA despite lack of privity with purchaser); Carter , 168 Vt. at 48, 716 A.2d 17 (real estate agent liable as the seller of a home despite not being the seller); Whitney v. Nature's Way Pest Control, Inc. , 2016 WL 3683525 (D. Vt. July 6, 2016) (VCPA claim allowed despite lack of privity).
In this case, there can be little question that a recipient of false invoices would have the right to sue the party who sent them. As in Elkins , the relationship between the parties in this case is indirect. Defendant has sent allegedly false invoices to plaintiff's customers, not to plaintiff directly. That single degree of separation provides no defense under the VCPA, which reaches all violators, not just those who are direct sellers to the ultimate user of the product.
III. No Correspondence Directed to Plaintiff
Defendant also seeks dismissal due to the lack of a Vermont "nexus." (Doc. 65 at 13-14.) Defendant sent notices of infringement and invoices to grocery stores located in states other than Vermont. It claims no knowledge of plaintiff's role in posting the images.
Plaintiff responds that knowledge of plaintiff's role is not a requirement and that plaintiff has provided detailed allegations of the damages it sustained. (Doc. 75 at 13-14.) The court agrees. Certainly, there is no requirement in the VCPA that the defendant intended to harm a particular party or that it have knowledge in advance of the effect of its actions. See Poulin , 147 Vt. at 126, 513 A.2d 1168 ("Neither the prevailing judicial definition nor the recent FTC definition ... require intent.") It is true, of course, that the VCPA is intended to address fraudulent conduct affecting Vermont residents. The allegations in this case satisfy that requirement since plaintiff is located in Vermont and alleges that actions by defendant taken outside of the state have damaged it here. These allegations of a Vermont nexus are sufficient to defeat a motion to dismiss.
IV. Deceptive Acts
Defendant denies engaging in deceptive actions. (Doc. 65 at 15.) It points to a disclaimer in its notice of infringement inviting a grocery store with proper licensing in place to contact defendant. (Id. at 15-16.) It describes the three grocery stores it contacted as "well-established and sophisticated companies who are not likely to be misled by anything as straightforward as a letter asking to provide proof of a license or, if no license exists, pay a pre-determined amount to resolve the potential claim." (Id. at 16.) Finally, it argues that *314 since the suit was filed, plaintiff has located licenses for two of the five images which confirms the accuracy of the accusations concerning the other three. (Id. )
Plaintiff describes the parties' dispute over the falsity of the defendant's statements and their materiality as factual in nature. (Doc. 75 at 18.) The court agrees. The relative sophistication of the grocery stores, the honesty and basis for an invoice stating that the amount due for the use of one of the images is $ 8,000, and the materiality of the statements defined by their likely effect on a reasonable recipient are all factual determinations which are disputed by the parties. Therefore, these matters cannot be resolved in favor of the defendant on the face of the pleadings.
V. "In Commerce"
The VCPA addresses transactions that take place "in commerce." 9 V.S.A. § 2453(a) The Vermont Supreme Court interpreted the phrase "in commerce" in Foti Fuels, Inc. v. Kurrle Corp. , 195 Vt. 524, 90 A.3d 885 (2013). The court joined other state supreme courts in concluding that the phrase excluded strictly private contractual disputes from the VCPA. The court held that the "in commerce" phrase served the important function of limiting the VCPA to acts that occur in the consumer marketplace. "To be considered 'in commerce,' the transaction must take place in the context of [an] ongoing business in which the defendant holds himself out to the public. Further, the practice must have a potential harmful effect on the consuming public, and thus constitute a breach of a duty owed to consumers in general." Id. at 536, 90 A.3d 885 (internal citations and quotations omitted).
Defendant contends that its actions did not take place "in commerce" under the VCPA because its actions "did not occur in the consumer marketplace." (Doc. 65 at 17.) Defendant seeks to describe the parties' dispute as a "one-off" negotiation between two private companies. (Id. at 17-18.) In response, Plaintiff describes the defendant's conduct as the activities of a copyright troll which are directed at many companies who qualify as "consumers" under the CPA as amended. (Doc. 75 at 19.)
The court considers the facts as they are alleged in the FAC. These allegations are sufficient to make out a claim of unfair competition "in commerce." Plaintiff alleges that defendant "tracks the use by third parties of images it allegedly owns using a computerized image matching system, and sends a copyright infringement notice along with an 'Invoice' to any third party it discovers using its photographs. It seeks to recover $ 8,000 from multiple users. In many cases, the companies who receive the notices have valid licenses from defendant through its relationship with another licensor (iStock). (Doc. 10 ¶¶ 33-35.)
For purposes of a motion to dismiss, these facts are sufficient to establish that defendant is alleged to be engaged in a scheme of deceptive practices in which it seeks to recover money from persons who may actually owe it little or nothing. It remains plaintiff's burden to prove these allegations. But, accepted as true, they are sufficient to make out a plausible claim that defendant is engaged "in commerce" for purposes of the CPA.
CONCLUSION
The defendant's Motion for Partial Judgment on the Pleadings (Doc. 64) is DENIED.